UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRIAN FRANCISCO,                    :
                                    :
          Plaintiff,                :
                                    :
     v.                             :
                                    :   Civil Action No. 03-499-JJF
CORRECTIONAL MEDICAL SYSTEM,        :
et al., FIRST CORRECTIONAL          :
MEDICAL, et al.,                    :
                                    :
          Defendants.               :
                                    :

_____

Brian Francisco, <u>Pro</u> <u>Se</u> Plaintiff.

Lisa Ann Barchi, Esquire, of DEPARTMENT OF JUSTICE, Wilmington,
Delaware.
Attorney for Defendants Carroll and Merson.

Kevin J. Connors, Esquire, of MARSHALL, DENNEHEY, WARNER,
COLEMAN, & GOGGIN, Wilmington, Delaware.
Attorney for Defendant Correctional Medical System.

Steven F. Mones, Esquire, of MCCULLOUGH & MCKENTY, P.A.,
Wilmington, Delaware.
Attorney for Defendants First Correctional Medical, Tatagari,
Danphe, Dedee, Kho, Alie, and Carroll.

_____

**MEMORANDUM OPINION**

September 20, 2005
Wilmington, Delaware

*Joseph J. Farnan Jr.*

Farnan, District Judge.

Pending before the Court are the following motions to dismiss: the Renewed Motion To Dismiss filed by Defendants First Correctional Medical ("FCM"), Kho, Tatagari, Carroll, and Alie (collectively "FCM Defendants") (D.I. 111); the Renewed Motion To Dismiss filed by Defendant Correctional Medical Services ("CMS") (D.I. 112); and the Motion To Dismiss filed by Defendants Carroll and Merson (the "State Defendants") (D.I. 126).

Also pending are five related motions: (1) Plaintiff's Motion for Miscellaneous Relief (D.I. 118)[1]; (2) Plaintiff's Motion For Extension Of Time To File Answering Brief To Defendant's Motion And Opening Brief (D.I. 128); (3) the State Defendants' Motion For Enlargement Of Time Out Of Time (D.I. 131); (4) Plaintiff's Motion For Extension Of Time To File A Reply To Defendants' Reply Brief In Support Of Their Motion To Dismiss (D.I. 136); and (5) Plaintiff's Motion To Strike First Correctional Medical et al. Affidavit Of Sitta Gombeh-Alie In Support Of Their Motion To Dismiss (D.I. 148).

For the reasons discussed, the Court will deny Defendants' motions to dismiss (D.I. 111, 112, 126); grant Plaintiff's Motion For Miscellaneous Relief (D.I. 118); deny as moot Plaintiff's other motions (D.I. 128, 136, 148); and grant the State

---

[1]Because there is no objection to this motion (D.I. 122), the Court will grant it without further discussion.

1

Defendants' Motion For Enlargement Of Time Out Of Time (D.I. 131).

## I. Procedural History

On May 22, 2003, pro se Plaintiff Brian Francisco filed his Complaint in the instant Section 1983 action for failure to provide medical care in violation of the Eighth Amendment (D.I. 2). The original Defendants were Correctional Medical Services ("CMS"), First Correctional Medical ("FCM"), Dr. Ivans, Dr. Weiss, Dr. Kho, Carol Dedee, Dr. Fowler, Vincent Manjo, Georgia Perdue, Carol Danphe, Dr. Robinson, Dr. Hampton, Dr. Tatagari, and Dr. Alie. Plaintiff requested both injunctive relief and damages. Plaintiff has since amended his Complaint eight times. (D.I. 7, 11, 17, 19, 69, 70, 101, 103). One of his Amendments (D.I. 19), added Tom Carroll and Lise Merson as Defendants (the "State Defendants"). (D.I. 32). On September 21, 2004, the Court issued an Order dismissing for failure to prosecute the claims against Dr. Weiss, Dr. Fowler, Vincent Manjo, Georgia Perdue, Dr. Robinson, and Dr. Hampton. (D.I. 109).

## II. Defendants' Motions To Dismiss

A.   Defendants' Contentions

By their Motions, Defendants request the Court to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6). Specifically, Defendants contend that Plaintiff has failed to state a cognizable claim for failure to provide medical care in violation

of the Eighth Amendment because Plaintiff has failed to allege
that Defendants acted with deliberate indifference; Plaintiff's
Complaint impermissibly attempts to hold Defendants liable under
a respondeat superior theory; and Plaintiff has failed to
present expert testimony to support his medical claims.  In
addition, the State Defendants contend that they are immune from
suit under the doctrine of qualified immunity and that the action
is barred by sovereign immunity under the Eleventh Amendment.

>    B.   Legal Standard

A motion to dismiss tests the legal sufficiency of the
complaint.  In reviewing a motion to dismiss pursuant to Rule
12(b)(6), courts "must accept as true the factual allegations in
the complaint and all reasonable inferences that can be drawn
therefrom." Langford v. Atlantic City, 235 F.3d 845, 847 (3d Cir.
2000).  A court will grant a motion to dismiss only when it
appears that a plaintiff could prove no set of facts that would
entitle him or her to relief.  Id.

Pro se complaints are held to "'less stringent standards
than formal pleadings drafted by lawyers' and can only be
dismissed for failure to state a claim if it appears 'beyond
doubt that the plaintiff can prove no set of facts in support of
his claim which would entitle him to relief.'" Estelle v. Gamble,
429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41,
45-46 (1957)).

C.   Discussion

1.   Failure to State a Claim

Defendants contend that Plaintiff has failed to state a
cognizable claim under 42 U.S.C. § 1983.   To successfully allege
a Section 1983 action for failure to provide medical care in
violation of the Eighth Amendment, an inmate must allege
practices that violate "evolving standards of decency." Estelle,
429 U.S. at 102.   The defendant's action must be said to
constitute "'an unnecessary and wanton infliction of pain' or to
be 'repugnant to the conscience of mankind.'" Id. At 105-06.   To
meet this standard of "deliberate indifference," the defendant
must know of the inmate's condition and ignore an extraordinary
risk to the inmate's health or safety.   Farmer v. Brennan, 511
U.S. 825, 837 (1994).   Further, to successfully bring a Section
1983 action against a private company that provides medical
services to the State, the company's policies must be the "moving
force" behind the constitutional violation, and the policies must
demonstrate deliberate indifference to those deprived.   Swan v.
Daniels, 923 F.Supp. 626, 633 (D. Del. 1995).

Reviewing the allegations of Plaintiff's Complaint in the
light most favorable to Plaintiff and in the context of the
applicable law, the Court concludes that Plaintiff's claims
adequately allege that each Defendant was deliberately
indifferent to Plaintiff's health and/or safety.   Further, the

4

Court concludes that Plaintiff's claims allege that FCM and CMS, private companies that provided medical services to the State of Delaware, had policies that were deliberately indifferent to Plaintiff's health and were the moving force behind the alleged constitutional violation.  Accordingly, the Court concludes that Plaintiff has stated a claim upon which relief can be granted, and therefore, the Court will deny Defendant's Motion to Dismiss based on Rule 12(b)(6).

            2.  <u>Supervisory Liability</u>

    Defendants next contend that the Complaint should be dismissed because supervisory liability is unavailable in a Section 1983 action.  Supervisory liability cannot be imposed under Section 1983 based on a respondeat superior theory.  <u>See Monell v. Dep't of Soc. Servs. of City of New York</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  For a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." <u>Sample v. Diecks</u>, 885 F.2d 1099, 1118 (3d Cir. 1989)(citing <u>City of Canton v. Harris</u>, 489 U.S. 378, 389 (1989)).

    The Court has concluded that Plaintiff's claims allege deliberate indifference on the part of each Defendant. Accordingly, the Court concludes that Plaintiff has sufficiently

5

alleged supervisory liability to withstand Defendant's Motion To Dismiss.

### 3.   Lack of Expert Testimony

Defendants also contend that, to survive a motion to dismiss, Plaintiff must submit the testimony of a medical expert. "Courts have held on numerous occasions that a plaintiff need not present expert testimony to prevail in an Eighth Amendment case alleging deliberate indifference to a serious medical need." Petrichko v. Kurtz, 117 F.Supp.2d 467, 473-74 (E.D. Pa. 2000). Thus, the Court concludes that Plaintiff's Complaint should not be dismissed at this juncture for lack of expert medical testimony.

### 4.   Qualified Immunity

In addition to the foregoing arguments, the State Defendants also contend that they are immune from suit under the doctrine of qualified immunity.  A public official is entitled to qualified immunity if the official's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Good v. Dauphin County Soc. Servs. For Children and Youth, 891 F.2d 1087, 1092 (3d Cir. 1989).  A court confronted with a claim of qualified immunity must consider, first, whether the facts alleged, when taken in the light most favorable to the party asserting the injury, show that the official's conduct violated a constitutional right.

Saucier v. Katz, 533 U.S. 194, 201 (2001).  If not, the inquiry ends, and the officer is entitled to qualified immunity.  Id. If, however, a constitutional violation could be alleged when viewing the injured party's allegations favorably, the Court must next consider whether the right was clearly established.  Id. For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987).  Knowledge of general concepts, however, is not enough.  Rather, the "inquiry must be undertaken in light of the case's specific context, not as a broad general proposition." Saucier, 533 U.S. at 201-202.

Because the Court has concluded that Plaintiff has alleged an Eighth Amendment violation, the Court turns to the second consideration: whether the right was clearly established.  Thus, the Court must determine whether a reasonable person in the State Defendants' position would have understood that he or she was violating Plaintiff's Eighth Amendment rights.  In relevant part, Plaintiff's Amended Complaint alleges that the State Defendants (1) conspired with medical providers to avoid documentation of Plaintiff's grievances and to cover-up medical mistreatment; (2) ignored complaints that Plaintiff was being denied a physician-ordered test; and (3) ignored 12 letters of complaint that Plaintiff was in severe pain.  Accepting these factual

7

allegations as true, the Court concludes that a reasonable person
in the State Defendants' position would have realized that such
conduct constituted deliberate indifference to Plaintiff's health
and safety in violation of the Eighth Amendment.  Thus, the Court
concludes that Plaintiff's right was clearly established, and the
State Defendants are not protected from suit by qualified
immunity.

### 5.   Sovereign Immunity

The State Defendants also contend that Plaintiff's law suit
is barred by sovereign immunity under the Eleventh Amendment.
"The Eleventh Amendment bars damage claims against state
officials in their official capacities."  18 James Wm. Moore et
al., Moore's Federal Practice ¶ 123.40[1][a].  Here, however,
Plaintiff alleges that Defendants Carroll and Merson are liable
in their individual capacities.  Thus, the Court concludes that
the Plaintiff's law suit is not barred by sovereign immunity
under the Eleventh Amendment.

## III. Related Motions

Because the Court will deny Defendants' motions to dismiss,
the Court will also deny as moot Plaintiff's Motion For Extension
Of Time To File Answering Brief (D.I. 128), Plaintiff's Motion
For Extension Of Time To File A Reply To Defendants' Reply Brief
In Support Of Their Motion To Dismiss (D.I. 136), and Plaintiff's
Motion To Strike First Correctional Medical et al. Affidavit Of

8

Sitta Gombeh-Alie In Support Of Their Motion To Dismiss (D.I. 148).  As for the State Defendants' pending Motion For Enlargement Of Time Out Of Time (D.I. 131), the Court accepts the State Defendants' representation that their delay was due to the departure of a deputy attorney general from the Correction Unit, and therefore, the Court will grant the motion.

## IV.  Conclusion

For the reasons discussed, the Court will deny Defendants' motions to dismiss (D.I. 111, 112, 126); deny Plaintiff's motions as moot (D.I. 128, 136, 148); and grant the State Defendants' Motion For Enlargement Of Time Out Of Time (D.I. 131).

An appropriate order will be entered.