IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRIAN FRANCISCO,                    :
                                    :
        Plaintiff,                  :
                                    :
    v.                              :   Civil Action No. 03-499-JJF
                                    :
CORRECTIONAL MEDICAL SYSTEM,        :
FIRST CORRECTIONAL MEDICAL,         :
et al.,                             :
                                    :
        Defendants.                 :

Richard H. Morse, Esquire of YOUNG, CONAWAY, STARGATT & TAYLOR, Wilmington, Delaware.
Attorney for Plaintiff.

Kevin J. Connors, Esquire of MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, Wilmington, Delaware.
Attorney for Defendant Correctional Medical System.

Dana Spring Monzo, Esquire of MCCULLOUGH & MCKENTY, P.A., Wilmington, Delaware.
Attorney for Defendants First Correctional Medical, Dr. Mitchell Kho, Carol Dedee, Carol Danphe, Dr. Tatagari, and Dr. Sitta Gombeh-Allie.

Lisa Ann Barchi, Esquire and Stacey Xarhoulakos, Esquire of STATE DEPARTMENT OF JUSTICE, Wilmington, Delaware.
Attorney for Defendants Thomas L. Carroll and L.M. Merson.

**MEMORANDUM OPINION**

March 22, 2007
Wilmington, Delaware.

Farnan, District Judge.

    Pending before the Court are two motions: (1) a Motion To Dismiss All Constitutional Claims Barred By The Statute Of Limitations And The State Law Medical Negligence Claims (D.I. 241) filed by Defendant Correctional Medical Services, Inc.; and (2) a Motion To Dismiss (D.I. 252) filed by Defendant First Correctional Medical. Both Motions seek dismissal of the claims filed by Plaintiff that are based upon conduct occurring before May 23, 2001, on the grounds that those claims are barred by the statute of limitations.[1] For the reasons discussed, the Court will grant Defendants' Motions and dismiss Plaintiff's state medical negligence claims and federal Section 1983 claims to the extent that those claims are based on conduct occurring before May 22, 2001.

I.  BACKGROUND

    Plaintiff, Brian Francisco, is currently an inmate at the Delaware Correctional Center ("DCC") in Smyrna, Delaware. Defendant Correctional Medical Services, Inc. ("CMS") provided medical services at DCC from July 1, 2000, through June 30, 2002, and again from July 1, 2005, to present. Defendant First Correctional Medical ("FCM") provided medical services to DCC from July 1, 2002, through June 30, 2005.

---

[1] Defendants' Motions raise a second ground for relief, namely that dismissal of Plaintiff's state law medical negligence claims is warranted because Plaintiff failed to file an Affidavit of Merit in accordance with 18 Del. C. § 6853. The Court will address the affidavit of merit issue by separate Memorandum Order.

1

On May 22, 2003, Plaintiff filed his original Complaint pro se under 42 U.S.C. § 1983, alleging that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to provide adequate medical treatment. Specifically, Plaintiff alleges that he suffers from several maladies, including Tardive-Dyskinesia, schizophrenia, Hepatitis-C, and problems with his liver and lymph nodes, which have gone untreated or have been intentionally accelerated by Defendants.

On December 15, 2005, the Court granted Plaintiff's Motion To Appoint Counsel (D.I. 178), and Plaintiff obtained representation on May 8, 2006 (D.I. 225). On July 19, 2006, Plaintiff, through his counsel, filed an Amended Complaint which added a state law claim of medical negligence. (D.I. 235).

## II.  DISCUSSION

By their Motions, Defendants CMS and FCM contend that Plaintiff's Section 1983 claims for violation of the Eighth Amendment and state law claims for medical negligence should be dismissed to the extent that those claims are based on conduct occurring on or before May 23, 2001, because the claims are barred by the applicable statute of limitations. In response, Plaintiff contends his claims are not time-barred because he was subject to a continuous course of deficient medical treatment, and therefore, the statute of limitations does not begin to run until the last act in the continuum of his medical treatment.

Plaintiff's § 1983 claims are subject to the statute of limitations governing personal injury actions under Delaware law.

2

Owens v. Okure, 488 U.S. 235, 240-41 (1989).  In Delaware, the applicable statute of limitations for personal injury claims is two years.  10 Del. C. § 8119.  For medical negligence claims, the limitations period under Delaware law is also two years; however, that period is extended to three years from the date the injury occurred if the occurrence of the injury was not known and not discoverable with reasonable diligence during the two-year time frame.  18 Del. C. § 6856.

However, if the plaintiff pleads a cause of action for a continuing course of negligent medical treatment,

> the statute of limitations begins to run for two years from the last act in the negligent continuum prior to the point in time when the plaintiff has actual knowledge of the negligent course of treatment or in the exercise of reasonable diligence could have discovered the negligent course of treatment.

Ewing v. Beck, 520 A.2d 653, 663 (Del. 1987).  To state a cause of action for continuous negligent medical treatment, the plaintiff must allege "with particularity" a course of negligent treatment occurring during a finite period.  Id. at 662.  Additionally, the plaintiff must allege that the negligent acts during the course of treatment are so interrelated as to establish one continuing wrong.  Id.

Construing the Amended Complaint in the light most favorable to Plaintiff, the Court cannot conclude that Plaintiff has pled sufficient facts to state a claim for a continuing course of negligent medical treatment.  Plaintiff's Amended Complaint includes no specific dates regarding the alleged negligent

3

medical treatment. (D.I. 235). Although Plaintiff alleges the dates during which Defendants provided medical services at DCC generally, Plaintiff does not allege with particularity when he received allegedly deficient treatment or when he became aware that any treatment he had received was deficient. In addition, Plaintiff fails to allege with particularity a finite period of alleged negligent medical treatment. Because Plaintiff's Complaint is insufficient to state a claim for continuing course of negligent medical treatment, the Court cannot apply the statute of limitations in the manner Plaintiff seeks. Plaintiff has also failed to allege any facts that would justify the Court's application of the three year limitations period to his state law claims. Thus, the Court must apply the two year limitations period to both Plaintiff's federal and state law claims.

    Here, Plaintiff's Complaint was filed on May 22, 2003. Therefore, he may only seek recovery on claims based on conduct occurring on or after May 22, 2001. While it is difficult to discern any time frames from his Complaint given the lack of any certain and definite dates, the Court agrees with Defendants that to the extent his claims are based on any conduct occurring outside the applicable statute of limitations, those claims are time-barred. Accordingly, the Court will grant Defendants' Motions To Dismiss Plaintiff's federal and state law claims to the extent those claims are based on conduct occurring before May 22, 2001.

4

## III. CONCLUSION

For the reasons discussed, the Court will grant CMS and FCM's Motions To Dismiss to the extent that those motions are based upon the statute of limitations. Plaintiff's state and federal law claims against CMS and FCM will be dismissed to the extent that they are based upon conduct occurring before May 22, 2001.

An appropriate Order will be entered.