```
        IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF DELAWARE

BRIAN FRANCISCO,              :
                              :
        Plaintiff,            :
                              :
   v.                         :   Civil Action No. 03-499-JJF
                              :
CORRECTIONAL MEDICAL SYSTEM,  :
et al.,                       :
                              :
        Defendants.           :
```

Richard H. Morse, Esquire of YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware.

Attorney for Plaintiff.

Kevin J. Connors, Esquire & Eric Scott Thompson, Esquire of MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, Wilmington, Delaware.

Attorneys for Defendant Correctional Medical Services, Inc.

**MEMORANDUM OPINION**

April 28, 2008

Farnan, District Judge

Presently before the Court is the Motion For Summary Judgment (D.I. 297) submitted by Defendant Correctional Medical Services, Inc ("CMS"). For the reasons discussed, Defendant's Motion will be granted.

## Background[1]

Plaintiff Brian Francisco ("Mr. Francisco"), who is currently incarcerated at the Delaware Correctional Center ("DCC") in Smyrna, Delaware, filed a First Amended Complaint on July 19, 2006, alleging deliberate indifference to his need for medical treatment and medical negligence under state law. (D.I. 235.) On October 18, 2007, Mr. Francisco stipulated to dismissing Defendants Thomas Carroll and Lise Merson. (D.I. 299.) The Defendants remaining in this case are Correctional Medical Services, Inc ("CMS"), First Correctional Medical ("FCM"), Dr. Keith Ivans, Dr. Michelle Kho, Carol Dedee, Carol Danphe, Dr. Tatagari, and Dr. Sitta Gombeh-Alie. The Motion for Summary Judgment addressed herein only pertains to Defendant CMS.[2]

---

[1] The following background information is taken from the parties' submissions and does not constitute findings of fact. It is cast in the light most favorable to the non-movant. Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976).

[2] CMS is a private corporation that, through a contract with the state of Delaware, provided medical services in Delaware prisons from July 1, 2000 until June 30, 2002 and from July 1, 2005 through the present. (D.I. 298.)

Mr. Francisco suffers from Hepatitis C. By his brief in opposition to CMS's motion, Mr. Francisco contends that CMS provided him <u>no treatment</u> for Hepatitis C, which is a life-threatening condition.[3]

On May 11, 2005, because of Mr. Francisco's elevated liver enzyme levels, his treating physician, Dr. Niaz, ordered a liver biopsy. (D.I. 298, exh. 14 "Dr. Niaz depo" at 13-17.) The biospy was performed within twelve weeks and disclosed hepatitis C at its early stages. (Id.)

Psychiatric illness, and depression especially, makes the normal treatment for Hepatitis C, Interferon and Ribavirin treatment, not advisable; in other words, psychiatric illness is a "contraindication" for Interferon/Ribavirin treatment. (Id. at 19; D.I. 298, exh. 3 "Dr. Alie depo".) Mr. Francisco has a history of mental illness, stemming as far back as to his teenage years. (Dr Alie depo at 67-68.) Because of Mr. Francisco's diagnosis of depression and schizophrenia, he was not a candidate for Interferon/Ribavirin treatment. (Id.; Dr. Niaz depo at 36.)

In addition to Hepatitis C, Mr. Francisco suffers from cysts and hydroceles on his testicles, and lumps on various places on

---

[3]Because Mr. Francisco, by his brief in opposition to CMS's motion, contends only that he received no treatment for Hepatitis C, the Court will not address the broader allegations made in the First Amended Complaint.

2

his body. (Dr. Alie at 9.) Diagnostic studies, including an examination by Dr. Mammen, a private surgeon, revealed these lumps to be negative for any malignancies or cancer. (Id.)

## Discussion

### I.  Legal Standard

In pertinent part, Rule 56(c) of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether there is a triable dispute of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party.

However, a court should not make credibility determinations or weigh the evidence. Reeves v. Sanderson Plumbing Prods.,Inc., 530 U.S. 133, 150 (2000). To properly consider all of the evidence without making credibility determinations or weighing the evidence, a "court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses." Id. at 151 (internal citations omitted).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts. . . . In the language of the Rule, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)(internal citations omitted). However, the mere existence of some evidence in support of the non-movant will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the non-movant on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Thus, if the evidence is "merely colorable, or is not significantly probative," summary judgment may be granted. Id.

**II.  Denial of Adequate Medical Care Claim**

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-05 (1976). In order to set forth a cognizable claim of inadequate medical care, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Id., at 104; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

A company contracting to provide medical services to

4

prisoners is acting under color of state law for purposes of section 1983. West v. Atkins, 487 U.S. 42, 54 (1988). A prison medical provider thus assumes the state's obligations to prisoners under the Eighth Amendment. Id. Because the doctrine of respondeat superior is inapplicable in suits brought pursuant to section 1983, a company providing prison medical services is liable only where a custom or policy results in deliberate indifference to a serious medical need. See Monell v. Dep't of Social Servs., 436 U.S. 658, 693-694 (1978).

Mr. Francisco contends that CMS provided no treatment for his Hepatitis C. Mr. Francisco further contends that CMS's policy, which the physicians involved were following in not providing treatment, demonstrates a deliberate indifference to his serious medical need. In response, CMS contends that Mr. Francisco received the full treatment that is necessary and appropriate based on documented literature and national databases.

After reviewing the parties' submissions, the Court concludes that Mr. Francisco equates not receiving Interferon/Ribavirin treatment with "no treatment." However, the record establishes that Mr. Francisco was seen on multiple occasions by CMS physicians, that he received a liver biopsy, and that his cysts and lumps were examined for any neoplastic disease. Further, there is no expert medical testimony that the

5

course of treatment utilized was inappropriate or inadequate. The Court therefore concludes that Mr. Francisco has not provided sufficient evidence to enable a jury to reasonably find that CMS's treatment decision to not provide Interferon and Ribavirin treatment to patients with a mental illness diagnosis constitutes deliberate indifference under the Eighth Amendment. See Estelle, 429 U.S. at 107 (holding that the propriety of one form of treatment over another is a "classic example of a matter for medical judgment," and the provision of one treatment rather than another "does not represent cruel and unusual punishment.").

### III. State Medical Negligence Claim

CMS contends that Mr. Francisco's medical negligence claims pursuant to 18 Del. C. § 6801(7) fail because Mr. Francisco has not provided expert testimony on CMS's alleged deviation from the applicable standard of care. The Delaware Medical Malpractice Act requires that a plaintiff's claim for medical malpractice be supported by expert medical testimony. Burkhart v. Davies, 602 A.2d 56, 59 (Del. 1991). The statute provides, in relevant part:

> No liability shall be based upon asserted negligence unless expert medical testimony is presented as to the alleged deviation from the applicable standard of care in the specific circumstances of the case and as to the causation of the alleged personal injury....

18 Del. C. § 6853(e) (2003).

In his papers, Mr. Francisco concedes that he cannot prevail on his medical negligence claim because he has presented no

6

expert medical testimony. Accordingly, the Court will grant CMS's Motion for Summary Judgment with respect to Mr. Francisco's medical negligence claim.

## Conclusion

For the reasons discussed, the Court concludes that Defendant CMS's Motion for Summary Judgment should be granted.

An appropriate order will be entered.